**OKLAHOMA LAND AND CATTLE COMPANY, a Corporation, Plaintiff in Error,**

v.

**STATE of Oklahoma ex rel., William H. MATTINGLY, District Attorney In and For Osage County, Oklahoma, Defendants in Error.**

No. 42964.

Supreme Court of Oklahoma.

July 15, 1969.

**545**

Brewer & Worten, by Chester A. Brewer, Jesse J. Worten, Bruce W. Robinett, Bartlesville, for plaintiff in error.

Patrick A. Williams, Asst. Dist. Atty., Tulsa, William H. Mattingly, Dist. Atty., Pawhuska, for defendants in error.

## MEMORANDUM DECISION

HODGES, Justice.

This appeal is taken from a judgment of the district court in favor of the State of Oklahoma, ex rel. William H. Mattingly, District Attorney of Osage County, in an action against the plaintiff in error, a corporation, hereinafter referred to as defendant corporation, for owning rural land as an agricultural corporation in violation of Art. 22, § 2, of the Constitution. The defendant in error brought this action for penalties and interest under the provisions of 18 O.S. §§ 1.23 and 1.24, for violation of the Constitution prohibitions against agricultural corporations and against such corporations owning rural lands.

The defendant corporation was granted a charter by the Secretary of State on February 11, 1960. The purpose of the corporation as stated in the charter was to engage in the business of ranching, farming and other argricultural pursuits with the power to acquire and own real property.

The case was set for trial and upon the opening statements of counsel and stipulations of the parties, the trial court rendered judgment against the defendant corporation for penalties and interest as provided under 18 O.S. §§ 1.23 and 1.24. The judgment was based upon the trial court's conclusion that Art. 22, Section 2, of the Constitution prohibits agricultural corporations.

This precise question was recently considered by our court at length in the case of LeForce v. Bullard, Okl., 454 P.2d 297.

There we held in paragraph one (1) of the Syllabus:

"The formation of a corporation for the purpose of engaging in the business of farming with power to acquire, own and hold such real estate as may be necessary and proper for carrying on the business for which it was chartered or licensed is not prohibited by the Constitution or Statutes of this State."

As above set out the LeForce case is determinative of the issue presented in this appeal and the judgment is accordingly reversed and remanded with direction to enter judgment for the defendant corporation.

IRWIN, C. J., and WILLIAMS, JACKSON, LAVENDER and McINERNEY, JJ., concur.

BERRY, V. C. J., and DAVISON and BLACKBIRD, JJ., concur by reason of stare decisis.